# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
)
v. ) I.D. No. 1412002671
)
)
ROBERT MILLER, )
)
Defendant. )

Submitted: October 14, 2016
Decided: October 18, 2016

Upon Defendant's Motion for Postconviction Relief,
**DENIED.**

## ORDER

Robert Miller, *pro se*, Wilmington, DE.

Renee Hrivnak, Esquire, Deputy Attorney General, Department of Justice, 820 N. French St., Wilmington, Delaware, Attorneys for the State.

WHARTON, J.

This 18th day of October, 2016, upon consideration of Defendant's timely first Motion for Postconviction Relief, the affidavit of the Defendant's trial/plea counsel Ross A. Flockerzie, Esquire, the State's response and the record in this matter, it appears to the Court that:

1. Defendant Robert Miller ("Miller") was indicted by the Grand Jury on a single count of Assault Second Degree. On June 9, 2015, Miller pled guilty to that charge. In exchange, the State dropped a charge of Offensive Touching in the Court of Common Pleas and agreed to cap its sentencing recommendation of unsuspended incarceration at three years. On December 5, 2015, the Court sentenced Miller to eight years of incarceration pursuant to 11 *Del. C.* § 4204(k), followed by six months at Level IV pursuant to 11 *Del. C.* § 4204(l).

2. Miller appealed his conviction to the Delaware Supreme Court. That court entered an Order affirming his conviction on May 18, 2016. This Motion for Postconviction Relief ("Motion") pursuant to Superior Court Criminal Rule 61, his first, was timely filed on December 14, 2015. The Motion raises a single issue of ineffective assistance of counsel. The Motion did not request appointment of counsel. On June 7, 2016, the Court directed Mr. Flockerzie to submit an affidavit responding to Miller's allegations. Mr. Flockerzie submitted his affidavit on July 6, 2016. The State submitted its response on October 14, 2016.

3. In the Motion, Miller claims that: (1) counsel failed to obtain hospital records of the victim that would have shown her injuries were old, despite being

2

asked to obtain them; (2) counsel never responded to voice mail messages; (3) counsel only discussed taking the plea with Miller; and (4) after sentencing, Miller asked counsel about an appeal without response.[1]

4.  At the Court's direction, Miller's trial/plea counsel Ross A. Flockerzie, Esquire, submitted an affidavit in response to Miller's ineffective assistance of counsel claims.[2] In his affidavit, Mr. Flockerzie admits that he did not subpoena the victim's old medical records, but that he did have her medical records for this case.[3] Mr. Flockerzie denies that he never responded to Miller's voice mail messages, that he only discussed accepting the plea with Miller, and that he never responded to Miller's inquiry about an appeal.[4]

5.  The State's responded to each of Miller's allegations.[5] Specifically, regarding Miller's allegation that Mr. Flockerzie was ineffective because he failed to subpoena the victim's old medical records, the State pointed out that it provided Mr. Flockerzie with the medical records for this incident, which occurred on December 5, 2014.[6] On that date, the Wilmington Police were dispatched to the St. Francis emergency room for a report of an assault.[7] The victim was suffering from swelling around her right eye and right cheek causing multiple facial fractures and stated that

---

[1] Mot. for Postcoviction Relief.
[2] D.I. 24.
[3] *Id.*
[4] *Id.*
[5] D.I. 29.
[6] *Id.* at 5.
[7] *Id.*

Miller had assaulted her.[8] Miller admitted that he hit her one time.[9] As a result of her injuries, the victim underwent surgery to correct those fractures.[10] Nothing in the medical records supports the claim that the injuries were old.[11] Moreover, the State points out that Miller admitted his guilt and his satisfaction with counsel when he pled guilty and is only dissatisfied with counsel now as a result of the sentence he received.[12] As to Miller's other claims, the State argues that he suffered no prejudice as a result of Mr. Flockerzie's alleged failures to respond to his voicemail messages and to discuss anything with him other than accepting a plea.[13] Finally, the State suggests that Miller cannot establish that Mr. Flockerzie was ineffective for failing to answer his inquiry about an appeal, because an appeal was pursued on Miller's behalf.[14]

6. To successfully bring an ineffective assistance of counsel claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[15] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[16] Moreover, a defendant must make concrete allegations of actual prejudice and

---

[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 6.
[13] *Id.* at 6-7.
[14] *Id.* at 8.
[15] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[16] *Id.* at 667-68.

substantiate them or risk summary dismissal.[17] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[18] A successful Sixth Amendment claim of ineffective assistance of counsel requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[19] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[20] An inmate must satisfy the proof requirements of both prongs to succeed on an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[21] Miller cannot demonstrate that counsel's performance was deficient or that he would have insisted on going to trial.

7.      The Court has reviewed the transcript of Miller's guilty plea colloquy of June 9, 2015, and it is unremarkable. For purposes of this motion, however, several things are significant: (1) Miller understood that, despite the State's agreement to cap its unsuspended Level V recommendation at three years, the Court

---

[17] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[18] *Strickland*, 446 U.S. at 689.
[19] *Id.* at 694.
[20] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *Sartin v. State*, 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett*, 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).
[21] *Strickland*, 466 U.S. at 697; *Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

5

could sentence him to as much as eight years at Level V;[22] (2) no one promised him what his sentence would be;[23] (3) he was satisfied with Mr. Flockerzie's representation of him and that Mr. Flockerzie had fully advised him of his rights;[24] (4) he read and understood questions on the Truth in Sentencing Guilty Plea Form and his answers were truthful;[25] and finally, (5) he understood the charge against him, committed the offense and pled guilty to it.[26]

8. The Court finds that records of the plea colloquy and the appeal are more than sufficient to establish that counsel's performance was not deficient and that Miller suffered no prejudice - in other words, to deny the Motion. Court also suspects that the State is correct that Miller's real complaint is not with Mr. Flockerzie's performance, but rather, with his sentence. In any event, Miller has not supported his contention that Mr. Flockerzie's performance was deficient and that, had he received a sentence more to his liking and in line with the State's recommendation, he nonetheless would have insisted on going to trial but for counsel's alleged errors.

9. The Court wishes to expand on its conclusion that Mr. Flockerzie's failure to subpoena old medical records of the victim had no bearing whatsoever on either Miller's guilt or his decision to enter a guilty plea. Miller's claim that the victim's injuries were old beggars belief. At sentencing, the State provided the

---

[22] Transcript of Plea Colloquy, June 9, 2015 at 8-9.
[23] *Id.* at 9.
[24] *Id.* at 10.
[25] *Id.*
[26] *Id.* at 10-11.

Court with four photographs depicting the victim's injuries.[27]  The prosecutor described the photographs this way:

> I've given Your Honor four photographs that show the injury to [the victim's] face. It's different angles, but you can see the damage that he did to her eye, the fact that her face fell on the one side as a result of this strike. It may have been one hit, which I believe is what she said it was, but it was a heck of a hit to do that kind of damage to her. She had to have surgery to fix her eye, and she had multiple fractures as a result of that hit.[28]

The Court viewed the photographs itself and they establish to a certainty that Miller's claim that the victim's injuries were old is false. As a result, and given the nature of the relationship between Miller and the victim as described by the State at sentencing, it is reasonable to surmise that the old medical records, had they been obtained by Mr. Flockerzie and introduced before a jury, would only have harmed Miller's efforts at trial.

Therefore, Defendant's Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

oc:  Prothonotary
cc:  Investigative Services

---

[27] Transcript of Sentencing Hearing, November 13, 2015 at 2. Those photographs are now marked as a Court Exhibit and sealed.
[28] *Id.*

7